**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4096**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DELMAN DEWAYNE DIXON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  W. Earl Britt, Senior District Judge.  (7:16-cr-00121-BR-1)

Submitted:  September 18, 2018                    Decided:  September 20, 2018

Before WILKINSON and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Wayne Buchanan Eads, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Delman Dewayne Dixon pled guilty to possessing ammunition and firearms, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court sentenced Dixon to an aggregate sentence of 135 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal, but questioning whether Dixon's sentence is reasonable and whether trial counsel provided ineffective assistance of counsel. Although notified of his right to do so, Dixon has not filed a pro se supplemental brief. We affirm the district court's judgment.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under the *Gall* standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51.

If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

2

Because Dixon did not file any objections to the presentence report ("PSR"), we review whether the district court correctly calculated his Sentencing Guidelines range for plain error. *United States v. Carthorne*, 726 F.3d 503, 509 (4th Cir. 2013). Moreover, "[t]he defendant has an affirmative duty to make a showing that the information in the [PSR] is unreliable, and articulate the reasons why the facts contained therein are untrue or inaccurate." *United States v. Powell*, 650 F.3d 388, 394 (4th Cir. 2011) (internal quotation marks omitted). "[I]f the defendant makes no such showing, the court may adopt the presentence report's findings without more specific inquiry." *Id.* (alterations and internal quotation marks omitted).

We find no plain error in the district court's calculations of the Guidelines range. The district court correctly calculated Dixon's base offense level under U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (2016) because "North Carolina common law robbery categorically qualifies as robbery" under the relevant Sentencing Guideline. *United States v. Gattis*, 877 F.3d 150, 156 (4th Cir. 2017) (internal quotation marks omitted), *cert. denied*, 138 S. Ct. 1572 (2018). Dixon stipulated that he possessed the firearm in connection with another felony offense and that he obstructed justice. *See* USSG §§ 2K2.1(b)(6)(B), 3C1.1. Finally, the PSR described the number of firearms Dixon possessed and that one of the firearms was stolen. *See* USSG § 2K2.1(b)(1)(A), (4)(A).

We further discern no other procedural error in this case. The district court allowed Dixon to argue for an appropriate sentence. While Dixon argued for a downward variance on the basis of his difficult upbringing, the district court credited this argument but determined that it was not so difficult as to warrant a downward variance.

3

We likewise conclude that this argument fails to overcome the presumption of reasonableness accorded to Dixon's within-Guidelines sentence. Finally, while counsel questions whether trial counsel was ineffective, counsel's ineffectiveness does not appear on the face of the record and thus Dixon should raise this claim, if at all, in a 28 U.S.C. § 2255 (2012) motion. *See United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for review. We therefore affirm the district court's judgment. This court requires that counsel inform Dixon, in writing, of the right to petition the Supreme Court of the United States for further review. If Dixon requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dixon.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*